IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| RFCYBER CORP., <br> Plaintiff, <br> v. <br> GOOGLE LLC and GOOGLE PAYMENT CORP., <br> Defendants. | § § § § § § § § § § § | Case No. 2:20-cv-00274-JRG <br> **(LEAD CASE)** <br><br> **JURY TRIAL DEMANDED** |
| RFCYBER CORP., <br> Plaintiff, <br> v. <br> SAMSUNG ELECTRONICS CO. LTD and SAMSUNG ELECTRONICS AMERICA, INC, <br> Defendants. | § § § § § § § § § § § § | Case No. 2:20-cv-00335-JRG <br> **(MEMBER CASE)** <br><br> **JURY TRIAL DEMANDED** |

## **DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

**1.     Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)     the correct names of the parties to the lawsuit;

(b)     the name, address, and telephone number of any potential parties;

    (c)    the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)    the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)    any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f)    any settlement agreements relevant to the subject matter of this action; and

    (g)    any statement of any party to the litigation.

2. **Disclosure of Expert Testimony.** A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

    (a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

    (b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3. **Additional Disclosures.** Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

   (a) provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

   i. If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until thirty (30) days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

   ii. If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than thirty (30) days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

   (b) produce or permit the inspection of all documents and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are

---

[1] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

|     |     | affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and |
| --- | --- | --- |
|     | (c) | provide a complete computation of any category of damages claimed by any party to the action and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert. |
| 4.  | **Protective Orders.** | The Court will enter the parties' Agreed Protective Order. |
| 5.  | **Discovery Limitations.** | The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: |
|     | (a) | For purposes of this section (Section 5 – Discovery Limitations), Defendants Google LLC and Google Payment Corp. shall count as a single "Defendant Group" and Defendants Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc. shall count as a single "Defendant Group." |
|     | (b) | <u>Interrogatories:</u> Plaintiff may serve twenty-five (25) interrogatories on each Defendant Group and each Defendant Group may serve twenty-five (25) interrogatories on Plaintiff. |
|     | (c) | <u>Requests for Admission</u>: Plaintiff may serve forty (40) requests for admissions on each Defendant Group, and each Defendant Group may serve forty (40) requests for admissions on Plaintiff. In addition, each party also may serve a reasonable number of requests for admission that seek admission as to (a) the authenticity of a |

particular document or thing or (b) the admissibility of a particular document or thing.

(d) <u>Fact Depositions</u>: Plaintiff may take up to fifty (50) total hours of deposition testimony of each Defendant Group, including depositions under 30(b)(1) and 30(b)(6). Each Defendant Group may take up to fifty (50) total hours of deposition testimony of Plaintiff, including depositions under Rule 30(b)(1) and 30(b)(6).. Depositions of experts or third parties do not count against these limits. However, no single 30(b)(1) witness may be deposed for more than seven (7) hours. If a Party believes that additional time with a particular witness is necessary, the Parties shall meet and confer in good faith in order to reach an agreement. All Party depositions shall take place at the location that the witness resides unless the Parties agree to an alternative location. Furthermore, the Parties shall coordinate such depositions to minimize duplication.

(e) <u>Experts</u>: Testifying experts shall not be subject to discovery on any draft of their reports or declarations in this case and such draft reports, declarations, notes, outlines, or any other writings leading up to an issued report or filed declaration in this litigation are exempt from discovery. In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work in this case, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation. If an expert produces a report, the expert must also produce all materials on which the expert relied. No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions, or other materials to a

testifying expert, who then relies upon such information, opinions, or other materials in forming his or her final report, declaration, trial or deposition testimony, or any opinion in this case. Materials, communications, and other information exempt from discovery under this Paragraph shall be treated as attorney work product for the purposes of this litigation.

(f) <u>Expert Depositions</u>: Each Defendant Group is limited to five (5) testifying expert witnesses. Plaintiff is limited to five (5) testifying witnesses per case. An expert that provides a written opinion on more than one issue (for example, invalidity and non-infringement) will be considered to have provided separate expert reports per issue. An expert who submits a report or declaration on behalf of a side (either Plaintiff or a Defendant Group) in one case may be deposed for seven (7) hours by the opposing side in that case regarding each such report or declaration. However, an expert who submits more than one report or declaration on behalf of a side in one case may be deposed for three (3) hours plus four (4) hours per report or declaration in that case. For example, an expert who submits a report only on the issue of infringement is limited to seven (7) hours of deposition time in that case, whereas an expert who submits two reports—one on the issue of infringement and another on the issue of validity—in the same case is limited to eleven (11) hours of deposition time in that case.

(g) <u>Third-Party Discovery:</u> The parties may conduct third-party discovery including depositions and document subpoenas. The Plaintiff may take up to sixty (60) hours of third party depositions for each case and each Defendant Group may take up to sixty (60) hours of third-party depositions.

    (h)    <u>Privilege Logs</u>: No party is required to log privileged materials dated after the filing date of the complaint in their case (August 21, 2020 for the Google Defendant Group and October 16, 2020 for the Samsung Defendant Group).

    (i)    Any party may later move to modify these limitations for good cause. The parties further agree that (1) should the parties mutually agree to enlarge the limitations on discovery imposed by this order, the federal rules, or the local rules, they may do so without need for an order from the Court; and (2) the parties are permitted to extend deadlines for responding to discovery by mutual agreement without an order from the Court, so long as the extensions do not exceed the applicable discovery deadlines entered by the Court.

6.    **Privileged Information.**    There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference. By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7. **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8. **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made or is no longer complete or true.

9. **Discovery Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within fourteen (14) days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested

items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b) An opposed discovery related motion, or any response thereto, shall not exceed seven (7) pages. Attachments to a discovery related motion, or a response thereto, shall not exceed five (5) pages. No further briefing is allowed absent a request or order from the Court.

(c) Prior to filing any discovery related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within seventy-two (72) hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d) Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two (2) pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e) Any change to a party's lead attorney designation must be accomplished by motion and order.

(f) Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12. **Proposed Stipulations by the Parties Regarding Discovery**

    (a) Service by Electronic Mail. The Parties will make every effort to serve all documents electronically, either by ECF or by email. The parties agree to accept service by email to all counsel of record for the party to be served.

    (b) Third-Party Discovery. A party who serves a subpoena on a third party in the above-captioned cases shall immediately provide a copy to the other parties. A party who receives documents from a third party pursuant to a subpoena will reproduce those documents to all other parties within three (3) business days. Where reproduction of documents within three (3) business days is not possible, the party who received the documents will provide prompt notice to the other parties and will work in good faith to resolve the issue on a case-by-case basis. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least five (5) business days' notice to allow for the coordination of depositions.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The

substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.

**So ORDERED and SIGNED this 10th day of June, 2021.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE