# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| RFCYBER CORP., § | | Case No. 2:20-cv-00274-JRG |
| § | | (LEAD CASE) |
| Plaintiff, § | | |
| § | | **JURY TRIAL DEMANDED** |
| v. § | | |
| § | | |
| GOOGLE LLC and GOOGLE PAYMENT § | | |
| CORP., § | | |
| § | | |
| Defendants. § | | |

| | | |
|---|---|---|
| RFCYBER CORP., § | | Case No. 2:20-cv-00335-JRG |
| § | | (MEMBER CASE) |
| Plaintiff, § | | |
| § | | **JURY TRIAL DEMANDED** |
| v. § | | |
| § | | |
| SAMSUNG ELECTRONICS CO. LTD. and § | | |
| SAMSUNG ELECTRONICS AMERICA, § | | |
| INC., § | | |
| § | | |
| Defendants. § | | |

**PLAINTIFF RFCYBER CORP.'S OPPOSED MOTION FOR SUMMARY JUDGMENT OF NO INVALIDITY BASED ON DOUBLE PATENTING**

**TABLE OF CONTENTS**

**Page(s)**

I. INTRODUCTION .................................................................................................................. 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 2

III. STATEMENT OF UNDISPUTED MATERIAL FACTS ................................................. 2

IV. LEGAL STANDARDS ......................................................................................................... 3

V. ARGUMENT ......................................................................................................................... 4

    A. The '218 and '009 Patents Are Not Invalid Because Their Expiration Dates Are Due to a Statutory Patent Term Adjustment Under 35 U.S.C. § 154(b) ................................................................................................................. 4

        1. The '218 Patent Expires After the '787 and '855 Patents Due to a Statutory Extension and Is Not Invalid Over Those Patents ....................... 4

        2. The '009 Patent Expires After the '855 Patent Due to a Statutory Extension and Is Not Invalid Over It .......................................................... 5

    B. The '218 Patent is Not Invalid for ODP Because it Is Patentably Distinct from the '787 and '855 Patents ................................................................................. 6

    C. The '009 Patent is Not Invalid for ODP Because it Is Patentably Distinct from the '855 Patent .................................................................................................. 8

VI. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amgen, Inc. v. Sandoz, Inc.*,
  No. 18-11026 (MAS), 2021 WL 5366800 (D.N.J. Sep. 20, 2021) ........................................... 5

*Immunex Corp. v. Sandoz Inc.*,
  964 F.3d 1049 (Fed. Cir. 2020) ............................................................................................... 3

*Mitsubishi Tanabe Pharma Corp. v. Sandoz, Inc.*,
  533 F. Supp. 3d 170 (D.N.J. 2021) .......................................................................................... 5

*Novartis AG v. Ezra Ventures LLC*,
  909 F.3d 1367 (Fed. Cir. 2018) ....................................................................................... 3, 4, 5

*Ortho Pharm. Corp. v. Smith*,
  959 F.2d 936 (Fed. Cir. 1992) .................................................................................................. 3

*Procter & Gamble Co. v. Teva Pharm. USA, Inc.*,
  566 F.3d 989 (Fed. Cir. 2009) .................................................................................................. 4

*UCB, Inc. v. Accord Healthcare, Inc.*, 890 F.3d 1313 (Fed. Cir. 2018) .......................................... 3

**Statutes**

35 U.S.C. § 154(b) ................................................................................................................ *passim*

35 U.S.C. §156 .................................................................................................................... 4, 5

## I.     INTRODUCTION

Plaintiff RFCyber Corp. ("RFCyber") hereby files this motion for summary judgment that U.S. Patent Nos. 8,118,218 (the "'218 Patent") and 9,240,009 (the "'009 Patent") are not invalid for obviousness-type double patenting ("ODP") over related U.S. Patent Nos. 8,448,855 (the "'855 Patent") and 9,189,787 (the "'787 Patent") (collectively, the '218, '009, '855, and '787 Patents are the "Asserted Patents").

Each of the Asserted Patents has the same earliest filing date: September 24, 2006, and thus, unless extended, would share the same expiration date of September 24, 2026. During prosecution, delays in the Patent Office led to the '218 and '009 being granted statutory patent term adjustments under 35 U.S.C. § 154(b) that extended their terms by 1,057 and 227 days, respectively.

On November 8, 2021, Samsung served the Expert Report of Nenad Medvidovic, which offered opinions that: i) the asserted claims of the '218 Patent were invalid for ODP over the '787 and '855 Patents; and ii) the asserted claims of the '009 Patent were invalid for ODP over the '855 Patent alone. However, the Federal Circuit has held that the judge-made doctrine of ODP cannot invalidate a patent based on a statutory patent term extension. And the only reason the '787 and '855 patents have earlier expiration dates (and thus could possibly be considered an "earlier" patent for ODP) is because of the patent term extensions. Accordingly, the '787 and '855 Patents cannot be used to invalidate the claims of the '218 and '009 Patents.

Moreover, even if the Court were to determine that the '787 and '855 Patents were available as references against the '218 and '009 Patents, Samsung cannot show that those claims are not patentably distinct. The Medvidovic Report utterly ignores several key elements in the Asserted Claims.

Accordingly, the Court should grant summary judgment of no invalidity for double patenting.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether obviousness-type double patenting ("ODP") applies to patents in the same family with the same first filing date.

2. Whether Defendants met their burden to show by clear and convincing evidence that the '218 Patent is not patentably distinct from the '787 and '855 Patents.

3. Whether Defendants met their burden to show by clear and convincing evidence that the '009 Patent is not patentably distinct from the '855 Patent.

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The application that issued as the '218 Patent is U.S. Patent App. No. 11/534,653 (the "'653 application"), which was filed on September 24, 2006.

2. The '787, '855, and '009 Patents each claim ultimate priority to '653 application.

3. Except for term adjustments, each of the '218, '787, '855, and '009 Patents would expire on September 24, 2026.

4. The '855 Patent's application was filed on February 18, 2012.

5. The '787 Patent's application was filed on May 28, 2013.

6. The '009 Patent's application was filed on June 16, 2012.

7. During prosecution, delays by the Patent Office resulted in a patent term adjustment under 35 U.S.C. § 154(b) of 1057 days to the '218 Patent.

8. During prosecution, delays by the Patent Office resulted in a patent term adjustment under 35 U.S.C. § 154(b) of 227 days to the '009 Patent.

### IV. LEGAL STANDARDS

Obviousness-type double patenting (ODP) is a "judicially-created doctrine, which 'prohibits an inventor from obtaining a second patent for claims that are not patentably distinct from the claims of the first patent.'" *UCB, Inc. v. Accord Healthcare, Inc.*, 890 F.3d 1313, 1323 (Fed. Cir. 2018). ODP is an "equitable doctrine." *Immunex Corp. v. Sandoz Inc.*, 964 F.3d 1049, 1059 (Fed. Cir. 2020). The Federal Circuit has "described obviousness-type double patenting as a 'judge-made doctrine' that is intended to prevent extension of a patent beyond a 'statutory time limit.'" *Novartis AG v. Ezra Ventures LLC*, 909 F.3d 1367, 1375 (Fed. Cir. 2018).

"The obviousness-type double patenting analysis involves two steps: First, the court construes the claims in the earlier patent and the claims in the later patent and determines the differences. Second, the court determines whether those differences render the claims patentably distinct." *UCB, Inc.*, 890 F.3d at 1323 (internal citations and alterations removed). The Court looks only to the claims, not the specification. *E.g.*, *Ortho Pharm. Corp. v. Smith*, 959 F.2d 936, 943 (Fed. Cir. 1992) ("It is the claims, not the specification, that define an invention. And it is the claims that are compared when assessing double patenting.") (citation omitted).

Patent term adjustments are provided by 35 U.S.C. § 154(b). The statute sets forth three types of delays in the Patent Office that "shall" result in extensions to the patent's term. 35 U.S.C. § 154(b) ("the term of the patent shall be extended"). The three delays are, broadly: A) delay of the Patent Office in responding; B) delay resulting in more than three-year application pendency; and C) delays related to derivation proceedings, secrecy orders or appeals. *Id.*

V. ARGUMENT

    A. The '218 and '009 Patents Are Not Invalid Because Their Expiration Dates Are Due to a Statutory Patent Term Adjustment Under 35 U.S.C. § 154(b)

        1. The '218 Patent Expires After the '787 and '855 Patents Due to a Statutory Extension and Is Not Invalid Over Those Patents

An earlier-filed, earlier-issued patent cannot be invalid for double patenting over a later-filed and later-issued patent in the same family. The Federal Circuit considered a nearly identical case in *Novartis*. There, the accused infringer argued that the '229 patent was invalid for double patenting over the unrelated,[1] but commonly owned, '565 patent. *Novartis*, 909 F.3d at 1369-70.

The '229 patent, though filed and issued before the '565 patent, had received a patent term extension under 35 U.S.C. §156. The defendants therefore argued that it was the "second patent" in the ODP analysis. *Id.* The Federal Circuit disagreed. The Court noted that the concern motivating double patenting law is a "patent owner 'extending his exclusive rights to an invention through claims in a later-filed patent that are not patentably distinct from claims in the earlier filed patent.'" *Id.* at 1374 (quoting *Procter & Gamble Co. v. Teva Pharm. USA, Inc.*, 566 F.3d 989, 999 (Fed. Cir. 2009)). That concern was not present when "it is the earlier-filed, earlier-issued '229 patent, not the later-filed, later-issued '565 patent, that has the later expiration date, due to a statutorily-allowed term extension." *Id.* The Court also refused to allow invalidation based solely on a patent term extension because that "would mean that a judge-made doctrine would cut off a statutorily-authorized time extension." *Id.* at 1375. The Federal Circuit summed up its holding: "we hold that a PTE pursuant to § 156 is valid so long as the extended patent is otherwise valid without the extension." *Id.*

The situation here is nearly identical. The '218 Patent is both earlier-filed and earlier-issued than the '855 and '787 Patents. It has a later expiration date due solely to the statutory term extension. The only difference between this case and *Novartis* is that the term adjustment here is

4

under § 154(b), and the extension in *Novartis* was under § 156. There is no difference between § 154(b) and §156 that is material to double patenting. *E.g.*, *Mitsubishi Tanabe Pharma Corp. v. Sandoz, Inc.*, 533 F. Supp. 3d 170, 213-15 (D.N.J. 2021) (applying the *Novartis* Court's reasoning to a patent term adjustment under § 154(b) and therefore finding no invalidity for double patenting). Accordingly, the Court should grant summary judgment that the '218 Patent is not invalid for double patenting over either the '787 or '855 Patents.

### 2. The '009 Patent Expires After the '855 Patent Due to a Statutory Extension and Is Not Invalid Over It

Similar reasoning applies to the '009 Patent. While the '009 Patent was filed after the '855 Patent, they both claim priority to the '218 Patent's application. Accordingly, but for the statutory extension granted to the '009 Patent due to Patent Office delays, both patents would have had the same expiration date. As explained above, a "difference in expiration dates between two patents that arises solely from a statutorily authorized time extension, such as a patent-term adjustment pursuant to 35 U.S.C. § 154(b) or a patent-term extension pursuant to 35 U.S.C. § 156, cannot be the basis for an application of ODP." *Amgen, Inc. v. Sandoz, Inc.*, No. 18-11026 (MAS), 2021 WL 5366800, at *26 (D.N.J. Sep. 20, 2021) (citing *Novartis,* 909 F.3d at 1372-75); *see also Mitsubishi*, 533 F. Supp. 3d at 213-15 (holding no ODP when "absent the PTA granted to the '788 Patent, both the '788 Patent and the '219 Patent would have the same expiration date"). Therefore, the '855 Patent cannot be used as an ODP reference against the '009 Patent. *Id.*

Accordingly, the Court should grant summary judgment that the '009 Patent is not invalid for double patenting over the '855 Patent.

### B. The '218 Patent is Not Invalid for ODP Because it Is Patentably Distinct from the '787 and '855 Patents

Even if the Court finds that the '787 and '855 Patents can be ODP references to the '218 Patent, the '218 Patent's claims are not obvious over the claims of either patent, or both in combination.

Each claim of the '218 Patent recites "wherein the e-purse applet is downloaded and installed in the smart card when the smart card is in communication with the payment server" (claim 1 and its dependents) or "wherein the e-purse applet is downloaded from the payment server when the smart card is in communication with the payment server" (claim 11 and its dependents). The totality of Samsung's evidence that this element is disclosed or rendered obvious in the '787 Patent or the '855 Patent claims is:



(Ex. 1, Medvidovic Invalidity Report at 142.)

| 11[d] wherein the e-purse applet is downloaded from | ▮ |
|---|---|

(*Id.* at 147). None of the '787 claims excerpted above state anything about an applet being downloaded and installed while a smart card is in communication with the payment server, nor that an applet is downloaded from a payment server. Moreover, Samsung provides no contention,

6

much less evidence, that it would have been obvious to modify the '787 Patent's claims to incorporate this limitation. Samsung also did not assert, in either its expert report or in its invalidity contentions, that the '855 Patent disclosed or rendered obvious this limitation.

Samsung similarly provided no substantive analysis for the limitation "personalizing the e-purse applet by reading off data from the smart card to generate in the smart card one or more operation keys that are subsequently used to establish a secured channel between the e-purse applet and an e-purse security authentication module (SAM) external to the smart card" as recited in the '218 Patent, claim 1. Samsung merely recites various limitations from the '787 Patent's claims without explaining how those limitations disclose, for example, reading off data from the smart card. (Ex. 1, Medvidovic Invalidity Report at 143.) At most, those claims state that "both of the emulator and e-purse applet are already personalized" but without requiring that personalization be done by reading off data from the smart card to generate in the smart card any operations keys. Samsung provides no obviousness argument for this limitation. *Id.*

Finally, Samsung provides no analysis for the limitation "the e-purse SAM configured to enable the epurse applet, wherein an SAM is behind the payment server and in communication with the epurse applet when the epurse applet is caused to communicate with the payment server via the midlet" as required by claim 11. The Medvidovic Report refers back to its discussion of claim 1 (specifically, the limitation "wherein said personalizing the e-purse applet comprises: establishing an initial security channel between the smart card and the epurse SAM to install and personalize the e-purse applet in the smart card," for this limitation. (Ex. 1 at 148, 144.) But that discussion, which is limited to reciting claim limitations from the '787 Patent, says nothing about "the e-purse SAM configured to enable the epurse applet" or "SAM is behind the payment server" or that the SAM is "in communication with the epurse applet when the epurse applet is caused to

7

communicate with the payment server via the midlet." Again, Samsung provides no obviousness contentions for this limitation, much less evidence and analysis.

Accordingly, Samsung cannot show that the claims of the '218 Patent are not patentably distinct from those of the '787 or '855 Patents, and the Court should grant summary judgment of no invalidity for double patenting for all claims of the '218 Patent.

### C. The '009 Patent is Not Invalid for ODP Because it Is Patentably Distinct from the '855 Patent

Samsung cannot show that claim 14 of the '009 Patent is not patentably distinct from the claims of the '855 Patent.

Claim 14 requires "a secure element." The Medvidovic Report opines that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (Ex. 1 at 283.) The Medvidovic Report then argues ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.*) Accordingly, Samsung cannot show that Claim 14 of the ''009 Patent is not patentably distinct from the claims of the '855 Patent.

Claim 16 of the '009 Patent is further patentably distinct from the claims of the '855 Patent. Samsung provides no analysis to show that the claims of the '855 Patent disclose "the mobile device includes a display configured to display a user interface showing some of the modules that are still provisioned and active, each of the modules is configured to show another user interface particularly designed for the display of the mobile device when the each of the modules is activated by a user" as required by claim 16. Instead, Samsung merely recites '855 Patent claim limitations

8

that say nothing about "a display" or "user interface," much less that the user interface "show[s] some of the modules that are still provisioned and active" or that "each of the modules is configured to show another user interface particularly designed for the display of the mobile device when the each of the modules is activated by a user." (Ex. 1 at 288.) Instead, the recited limitations concern PINs and personalization. (*Id.*)

| U.S. Patent No. 9,240,009 | U.S. Patent No. 8,448,855 |
|---|---|
| 16. The mobile device as recited claim 14, wherein the mobile device includes a display configured to display a user interface showing some of the modules that are still provisioned and active, each of the modules is configured to show another user interface particularly designed for the display of the mobile device when the each of the modules is activated by a user. | |

(*Id.*) Samsung provides no obviousness analysis at all for this element. Accordingly, it has not shown that claim 16 of the '009 Patent is not patentably distinct from the claims of the '855 Patent.

## VI. CONCLUSION

The '218 and '009 Patents cannot be invalidated for double patenting over their own family members. Moreover, Samsung cannot show that the '218 and '009 Patents are not patentably distinct over the '787 and '855 Patents. Accordingly, the Court should grant summary judgment

9

that claims 1, 8, 11, and 15 of the '218 Patent and claims 14 and 16 of the '009 Patent are not invalid for double patenting.

Dated:  December 15, 2021

Respectfully submitted,

/s/ *Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York  10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
RFCYBER CORP.***



## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2021, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ Alfred R. Fabricant
Alfred R. Fabricant