**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| RFCYBER CORP., | § § § § | Case No. 2:20-cv-00274-JRG (LEAD CASE) |
| Plaintiff, | § § | **<u>JURY TRIAL DEMANDED</u>** |
| v. | § § | ▮▮▮▮▮▮▮▮▮▮ |
| GOOGLE LLC and GOOGLE PAYMENT CORP., | § § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| RFCYBER CORP., | § § | Case No. 2:20-cv-00335-JRG (MEMBER CASE) |
| Plaintiff, | § § | **<u>JURY TRIAL DEMANDED</u>** |
| v. | § § | ▮▮▮▮▮▮▮▮▮▮ |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § | |
| Defendants. | § § | |

**PLAINTIFF RFCYBER CORP.'S RESPONSE IN OPPOSITION
TO SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT
<u>OF NON-INFRINGEMENT (DKT. 173)</u>**

## TABLE OF CONTENTS

Page(s)

I.      INTRODUCTION ............................................................................................... 1

II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................... 1

III.    RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS ..................... 2

IV.     LEGAL STANDARD ......................................................................................... 8

V.      ARGUMENT ................................................................................................... 9

        A.      There Remains a Genuine Dispute over Samsung's Direct Infringement
                of Certain Method Claims by Selling, Offering to Sell, Making, and
                Importing the Accused Products .............................................................. 9

        B.      There is a Genuine Dispute over Infringement by Sale, Offers to Sell,
                Manufacture, Import, and Use of Accused Products without Samsung
                Pay Preloaded ......................................................................................... 10

        C.      There is a Genuine Dispute of Material Fact Over Whether the Accused
                Products Comprise an "e-purse" ............................................................. 12

        D.      There is a Genuine Dispute of Material Fact Over Whether the Accused
                Products Comprise an "fund stored in the emulator" ............................ 16

        E.      There is a Genuine Dispute of Material Fact Over Whether Samsung
                Directly Infringes Claims 11 and 15 of the '218 Patent and Claim 1 of
                the '787 Patent by Selling, Offering to Sell, Importing, and Making
                Accused Products .................................................................................... 17

        F.      There is a Genuine Dispute of Material Fact Over Whether a Single
                Entity Performs Claim 8 of the '218 Patent, Claim 11 of the '787 Patent,
                and Claim 10 of the '855 Patent ............................................................ 22

        G.      There is a Genuine Dispute of Material Fact Over Whether Samsung
                Infringes the Asserted Method Claims by Using the Accused Products in
                the United States .................................................................................... 25

        H.      There is a Genuine Dispute of Material Fact Over Samsung's
                Infringement Based on Inducement ....................................................... 27

        I.      The Issue of Contributory Infringement is Moot .................................. 30

VI.     CONCLUSION ................................................................................................ 30

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*AFG Indus., Inc. v. Cardinal IG Co., Inc.*,
   375 F.3d 1367 (Fed. Cir. 2004)........................................................................9

*Akamai Techs., Inc. v. Limelight Networks, Inc.*,
   797 F.3d 1020 (Fed. Cir. 2015)......................................................................24

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986).............................................................................8, 9, 16

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986).......................................................................................8

*Centillion Data Sys., LLC v. Qwest Commc'ns Int'l., Inc.*,
   631 F.3d 1279 (Fed. Cir. 2011)......................................................................12

*Commil USA, LLC v. Cisco Sys., Inc.*,
   575 U.S. 632 (2015)......................................................................................27

*EBS Auto. Servs. v. Illinois Tool Works, Inc.*,
   Case No. 09-CV-996 JLS MDD, 2011 WL 4021323 (S.D. Cal. Sept. 12,
   2011) ............................................................................................................11

*Freeny v. Fossil Grp., Inc.*,
   No. 2:18-cv-00049 (JRG) (RSP), 2019 WL 4935297 (E.D. Tex. July 26,
   2019) ............................................................................................................16

*Hodosh v. Block Drug Co.*,
   786 F.2d 1136 (Fed. Cir. 1986).................................................................9, 14

*Metaswitch Networks Ltd. v. Genband US LLC*,
   No. 2:14-cv-744-JRG-RSP, 2016 WL 889217 (E.D. Tex. Mar. 8, 2016) ....................9, 10, 15

*Paper Converting Mach. Co. v. Magna-Graphics Corp.*,
   745 F.2d 11 (Fed. Cir. 1984).........................................................................11

*Parthenon Unified Memory Architecture LLC, v. Apple Inc.*,
   Case No. 2:15-cv-621-JRG-RSP, Dkt. 245 (E.D. Tex. Sept. 21, 2016) ...............................2, 3

*Rockwell Int'l Corp. v. U.S.*,
   147 F.3d 1358 (Fed. Cir. 1998).......................................................................9

*St. Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*,
    C.A. No. 09-354-LPS, 2014 WL 4253259 (D. Del. Aug. 27, 2014) ......................................11

*Transocean Offshore Deepwater Drilling, Inc. v. Stena Drilling Ltd.*,
    659 F. Supp. 2d 790 (S.D. Tex. 2009) ......................................................................................21

*Vasudevan Software, Inc. v. MicroStrategy, Inc.*,
    782 F.3d 671 (Fed. Cir. 2015).............................................................................................9, 17

*VirtnetX Inc. v. Apple Inc.*,
    925 F. Supp. 2d 816 (E.D. Tex. 2013) .....................................................................................30

**Other Authorities**

Fed. R. Civ. P. 56...........................................................................................................................8

██████████████████████████████

## I.      INTRODUCTION

Plaintiff RFCyber Corp. ("RFCyber") hereby files this Response in Opposition to Samsung's Motion. Samsung disregards both the substantial evidence cited in Dr. Jones' Infringement Report and its own expert's opinions, in favor of the naked attorney argument presented throughout its Motion. But as discussed in greater detail below, there are genuine disputes of material fact that preclude summary judgment on each of the eight grounds presented in Samsung's Motion, and Samsung fails to show that summary judgment is correct as a matter of law.

Among other deficiencies, Samsung fails to address evidence that: (1) Asserted method claims recite "providing a portable device" which is satisfied by Samsung's sale, offer for sale, import, use, and manufacture of the Accused Products; ██████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████ 5) Dr. Jones opines that each asserted method claim is performed by Samsung, a single entity, including during normal operation of Samsung Pay (not just during marketing demonstrations); and (6) Samsung has induced its customers to use Samsung Pay while knowing of RFCyber's patents since at least 2012, and after copying RFCyber's patented products to make Samsung Pay. Samsung's Motion should be denied.

## II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

Whether genuine disputes of material fact preclude summary judgment as to each ground sought in Samsung's motion, and whether judgment is correct as a matter of law.

███████████████████████████████████████

## III.    RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS

Samsung fails to present a Statement of Undisputed Facts as required by Local Rule CV-56(a) and 56(d), because its statement is improperly argumentative. Samsung's attorney argument regarding "the asserted patents and claim construction" (Section III) and "RFCyber's infringement contentions and Dr. Jones' infringement report" (Section V) are also not summary judgment evidence and are not presented as such. The Court should disregard Samsung's improperly argumentative statements, ████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████ *See Parthenon Unified Memory Architecture LLC, v. Apple Inc.*, Case No. 2:15-cv-621-JRG-RSP, Dkt. 245 at 5 (E.D. Tex. Sept. 21, 2016) ("PUMA's statement that Apple's disputed facts are 'improperly argumentative' is true to some extent, and the Court disregards such statements.") While Samsung's motion should therefore be denied as a threshold matter, RFCyber provides the following responses to the factual assertions that can be discerned from Samsung's statement.

1. ████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

██████████████████████████████

2.      RFCyber disputes Samsung's assertion that "the user can download [Samsung Pay] from the Google Play or Samsung Galaxy Store," because this statement suggests that those are the only ways to download Samsung Pay. █████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

3.      RFCyber disputes that, "in order to use Samsung Pay, a user must first add a credit card." Use of Samsung Pay is not limited to transactions with credit cards; for example, Samsung Pay may be *used* to add a credit card. Ex. A at 86-92; *id.* at Sections 2.2.2.2, 2.2.2.6. Moreover, transactions with Samsung Pay are not limited to credit cards; users may also add debit cards, loyalty cards, stored value cards, prepaid cards, and other forms of payment card. Ex. A at 118-121, 168. In some cases a user is not even required to have a pre-existing account with a card-issuer, such as when enrolling a Samsung Pay Cash card. Ex. D, RFC-SAMSUNG00002728 at 0:46-3:10.

4.      █████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

█████████████████████████████████████

███████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████

5.      RFCyber does not dispute that a primary account number ("PAN") is financial information. RFCyber disputes that a tokenized PAN stops being financial information by merit of becoming tokenized. RFCyber also disputes Samsung's assertion that any information that does not appear on the face of a credit card is not financial information. ████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████   The Samsung Pay user interface further shows financial information (including portions in plain-text) stored locally on a device (excerpt from RFC-SAMSUNG00002745):





8.



10.     RFCyber disputes Samsung's unsupported suggestion that transactions are completed with "the card's financial information stored in [a] token vault," rather than information stored locally on a device. As discussed above at Response No. 6, Samsung Pay performs transactions with financial information stored on a local device.

11.





13.     RFCyber disputes Samsung's assertion that RFCyber alleges infringement by devices never loaded with Samsung Pay. However, this issue is moot as RFCyber does not intend to present any infringement theory against devices *never* loaded with Samsung Pay at trial.

## IV.   LEGAL STANDARD

Summary judgment is appropriate only when there is no genuine issue of material fact, such that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Thus, summary judgment may be granted only when no reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255.

In considering a genuine issue of material fact, the evidence must be viewed in the light most favorable to the party opposing the motion, with doubts resolved in favor of that party. *Id.*; *Rockwell Int'l Corp. v. U.S.*, 147 F.3d 1358, 1362 (Fed. Cir. 1998). "[A] trial court cannot reach a conclusive finding of noninfringement if the record shows some evidence supporting a finding of noninfringement and some evidence to the contrary." *AFG Indus., Inc. v. Cardinal IG Co., Inc.*, 375 F.3d 1367, 1371 (Fed. Cir. 2004). "As a general rule, summary judgment is inappropriate where an expert's testimony supports the non-moving party's case." *Vasudevan Software, Inc. v. MicroStrategy, Inc.*, 782 F.3d 671, 683 (Fed. Cir. 2015). Where there are dueling experts, both of whom have put forward opinions in contradiction and when those opinions are important to resolution of a material factual dispute, summary judgment may not be appropriate. *Hodosh v. Block Drug Co.*, 786 F.2d 1136, 1143 (Fed. Cir. 1986) ("The fact issues herein must be resolved by trial in which the conflicting views of the experts will be subject to the refining fire of cross examination."). Two experts' competing applications of a claim construction is a fact issue to be decided by a jury. *Metaswitch Networks Ltd. v. Genband US LLC*, No. 2:14-cv-744-JRG-RSP, 2016 WL 889217, at *2 (E.D. Tex. Mar. 8, 2016).

## V.    ARGUMENT

### A.    There Remains a Genuine Dispute over Samsung's Direct Infringement of Certain Method Claims by Selling, Offering to Sell, Making, and Importing the Accused Products

There are genuine disputes of material fact as to whether Samsung's sale, offers to sell, manufacture, and import of the Accused Products infringe method Claims 1 and 8 of the '218 Patent, which recite steps of "***providing*** a portable device. . . ." *See* '218 Patent, Claims 1 and 8. RFCyber is not presenting a theory that the remaining asserted method claims (claim 10 of the '855 Patent and Claim 11 of the '787 Patent) are practiced in this manner, so this ground is moot with respect to those claims. Samsung's motion on this ground should therefore be denied.

████████████████████████████████████████

Claim 1 of the '218 Patent recites a method with a step of "providing a portable device," that is practiced by, Samsung's sale, offers to sell, manufacture, and import of the Accused Products. For example, Samsung's sale of mobile devices to customers, and provision of Samsung Pay software (either pre-loaded, provided as a download, or provided as an update), practices the step of "providing a portable device" that meets the claimed limitations. *See* Ex. A at Section 3; *see also* Ex. E at 1 ("For example, every product identified at **Section 2.1** is a smartphone or wearable comprising a portable device."). Samsung's manufacture of accused devices and providing Samsung Pay software for download is also "providing a portable device." *Id.* ████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████ Samsung's Motion does not specifically address Claims 1 and 8 of the '218 patent at all.

Accordingly, Samsung's Motion on this ground should be denied.

**B.      There is a Genuine Dispute over Infringement by Sale, Offers to Sell, Manufacture, Import, and Use of Accused Products without Samsung Pay Preloaded**

Samsung's Motion on this ground should be denied because there remains a genuine dispute of material fact as to whether Samsung sells, offers to sell, imports, uses, and makes the Accused Products, irrespective of whether the Samsung Pay app is pre-loaded or downloaded after purchase of a phone or wearable.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████, Samsung sells, offers to sell, and makes the complete and operable invention of the Asserted Claims when it provides the Samsung Pay app (*e.g.,* via an automatic download or an app store) after selling accused phones and wearables. To allow a party to avoid infringement by making or selling a claimed invention in separate transactions or steps "would emasculate the congressional intent to prevent the making of a patented item during the patent's full term." *See Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 745 F.2d 11, 19–20 (Fed. Cir. 1984) ("If without fear of liability a competitor can assemble a patented item past the point of testing, the last year of the patent becomes worthless whenever it deals with a long lead-time article.") Accordingly, Courts have found the sale of a "complete and operable system or apparatus" to infringe a claim, irrespective of whether parts are "sold separately." *St. Clair Intellectual Prop. Consultants, Inc. v. Toshiba Corp.*, C.A. No. 09-354-LPS, 2014 WL 4253259, at *3 (D. Del. Aug. 27, 2014) (A "jury could reasonably have found that [Sony] sells a complete and operable system or apparatus rather than mere constituent parts, despite the fact that most of the consoles, controllers and games are sold separately."); *see also EBS Auto. Servs. v. Illinois Tool Works, Inc.*, Case No. 09-CV-996 JLS MDD, 2011 WL 4021323, at *9 (S.D. Cal. Sept. 12, 2011) ("[A] reasonable jury could conclude that ITW sells a complete and operable apparatus, as opposed to mere components, even if the BrakeTech and the fresh and waste fluid containers are sold separately.")

Here, when Samsung provides a device and the Samsung Pay app in separate transactions, it provides a "complete and operable system," not merely constituent parts that another is left to assemble.  For example, Samsung provides the complete and operable invention of the claims

11

███████████████████████████████████

when it provides a mobile device, and provides the Samsung Pay app via an app store. ████████

███████████████████████████████ ████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████ Samsung does not appear to dispute that the transaction of downloading Samsung Pay independently constitutes a sale under § 271(a). Thus, as Dr. Jones opines, Samsung carries out infringing sales by selling the "complete and operable invention" of the claims, irrespective of whether that sale occurs over the course of multiple transactions.

Samsung similarly uses the Accused Products, both when Samsung Pay is pre-loaded and otherwise, by putting the system into use. *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l., Inc.*, 631 F.3d 1279, 1284 (Fed. Cir. 2011) ("We hold that to 'use' a system for purposes of infringement, a party must put the invention into service, *i.e.*, control the system as a whole and obtain benefit from it.")

Finally, contrary to Samsung's mischaracterization, RFCyber is not asserting infringement against products where the Samsung Pay app is *never* downloaded. This is very different than the category of Accused Products where the Samsung Pay app is downloaded after the initial sale of a phone or wearable ████████████████████████████████████████

████████████████████

Accordingly, Samsung's Motion on this ground should be denied.

### C.   There is a Genuine Dispute of Material Fact Over Whether the Accused Products Comprise an "e-purse"

There is a genuine dispute of material fact over whether the Accused Products comprise an "e-purse" which the Court construed as "software that stores electronic financial information in a local device." Samsung argues that Samsung Pay does not store "financial information" based on

███████████████████████████████████████

the *incorrect* assertion that Samsung Pay does not store plain-text credit card information. Samsung's argument fails on its own terms because Dr. Jones shows that Samsung Pay *does* store credit card information on a local device. Samsung's argument also fails because Dr. Jones explains that "financial information" stored by Samsung Pay in local devices includes ███████████ ███████████████████████████████████ At most, Samsung's arguments demonstrate a genuine dispute of material fact.

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██      ████      █████      █████      ██

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████



Samsung's argument that Samsung Pay is not an e-purse, based on its assertion that a █████████████████████████████████ are not financial information, shows, *at most*, a genuine dispute of material fact. *See Hodosh,* 786 F.2d at 1143. ("The fact issues herein must be resolved by trial in which the conflicting views of the experts will be subject to the refining fire of cross examination.") Samsung fails to even identify any expert opinion supporting its position, relying entirely on improper attorney argument.

Samsung resorts to mischaracterizing the Court's construction of "e-purse" in an attempt to revive its rejected prosecution history disavowal argument. Mot. At 17. Samsung mischaracterizes the Court's statement that "the patentee . . . distinguished Schmeuli and Atsmon

███████████████████████████████████████

based on the claimed invention using information stored locally rather than retrieving information from somewhere else,"[1] for the false conclusion that financial information must be stored **exclusively** on a local device. Mot. At 16-17. In essence, Samsung argues that *any* storage of financial information on a payment server nullifies the storage of financial information on a local device.████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████ Viewed most generously, Samsung's argument amounts to an improper argument that Samsung Pay practices prior art cited during claim construction. In any case, Dr. Jones' well-considered application of the Court's construction gives rise to a factual issue, irrespective of Samsung's arguments based on the prosecution history. *See Metaswitch Networks,* 2016 WL 889217, at *2. (holding two experts' competing applications of a claim construction is a fact issue to be decided by a jury).

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

---

[1] Samsung also omits the following sentence of the Court's Order, noting that "[t]his prosecution history therefore does not amount to a definitive statement by the patentee that the term 'e-purse' requires *money* stored locally," Dkt. 147 at 15.

██████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████

Because Samsung fails to address evidence showing that Samsung Pay stores card information that Samsung admits is "financial information," and because Dr. Jones' conclusion that ████████████████████████ are financial information, is a reasonable exercise of expert opinion, a genuine dispute of material fact precludes summary judgment. *See Freeny v. Fossil Grp., Inc.*, No. 2:18-cv-00049 (JRG) (RSP), 2019 WL 4935297, at *4 (E.D. Tex. July 26, 2019). Accordingly, Samsung's Motion on this ground should be denied.

### D. There is a Genuine Dispute of Material Fact Over Whether the Accused Products Comprise an "fund stored in the emulator"

There is a genuine dispute of material fact over whether the ████████████████████ ████████████████ of the Accused Products comprise a fund. Accordingly, Samsung cannot meet its burden for summary judgment.

As explained, *supra* Section V.C., Dr. Jones opines that an ████████████████████ ████ comprise a fund. Dr. Jones further explains that ████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████  ██████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

16



As with the "e-purse" limitation, Samsung's arguments show, at most, the presence of a genuine dispute of material fact. However, Samsung's motion does not cite any proper summary judgment evidence for this ground, instead relying on attorney argument that a fund must be "a pool of money," and the unsupported assertion that use of a token necessitates a fund stored elsewhere. Motion at 18-19. Even if Samsung's attorney argument was supported by evidence (it is not), that would merely rise to the level of a factual dispute that precludes summary judgment.

Accordingly, Samsung's Motion on this ground must be denied.

### E.   There is a Genuine Dispute of Material Fact Over Whether Samsung Directly Infringes Claims 11 and 15 of the '218 Patent and Claim 1 of the '787 Patent by Selling, Offering to Sell, Importing, and Making Accused Products

Samsung directly infringes Claims 11 and 15 of the '218 Patent and Claim 1 of the '787 Patent, by making, selling, offering to sell, and importing systems comprising every limitation of the Asserted Claims.[2] Samsung's arguments rely on its disputed factual assertion that the "payment server" █████ and "e-purse SAM" ███████████

---

[2] Samsung's Motion does not challenge its "use" of the systems of the claims at issue.

████████ are not part of the system sold to customers. But Samsung's argument merely shows the presence of a dispute of material facts that precludes summary judgment.

As a threshold matter, Samsung relies on conclusory assertions that *the system* of Claims 11 and 15 of the '218 Patent require a "payment server" and an "e-purse SAM." To the contrary, Claim 11 only recites a "portable device" with various elements that are "configured to" operate in conjunction with a payment server and e-purse SAM. While Claim 11 recites separate clauses with additional requirements for "*the* payment server" and "*the* e-purse SAM," the antecedent basis for those limitations is the "payment server" and "SAM" with which the mobile device is *configured to* operate. *Id.* (reciting "*the* payment server associated with an issuer . . . *the* e-purse SAM configured to enable the e-purse applet. . . .) Accordingly, these limitations do not create any independent requirement that the claimed system include a payment server and SAM, they only impose qualifications on the *type* of payment server and SAM with which the claimed portable device must be configured to operate. Accordingly, Samsung fails to show that summary judgment is correct as a matter of law with respect to those claims.

In any case, while not required, RFCyber *has* advanced substantial evidence that the Accused Products sold, offered for sale, made, and imported by Samsung comprise a "payment server" and "e-purse SAM."

First, Samsung makes the entire claimed systems, including the payment server and e-purse SAM, by assembling all elements when Samsung Pay is loaded on mobile devices. When Samsung Pay is downloaded on a mobile device (whether pre-loaded or downloaded after purchase), Samsung integrates a payment server ██████████ and an e-purse SAM ██████████ ████████ with the device on which Samsung Pay is installed. Ex. A at 290-91 ██████████ ███████████████████████████████████████

███████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████ Samsung is directly responsible for that assembly, at least because it handles downloads of the Samsung Pay application ████████████ over infrastructure it owns or controls (*e.g.,* Galaxy store servers or Google store servers through which Samsung makes its software available), and integrates the system by executing code that it deploys on both mobile devices and Samsung Pay servers. ████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████



Accordingly, there is a genuine dispute over Samsung's manufacture of the accused products, including a "payment server" and "e-purse SAM."

Samsung similarly makes the system of Claim 1 of the '787 Patent by adding a payment card to Samsung Pay in response to an enrollment request by a user.[3]

Contrary to Samsung's conclusory arguments, Claim 1 of the '787 does not require a payment card to be "pre-loaded." Rather, the claim recites "an e-purse applet to cause the portable device to function as an electronic purse (e-purse), wherein both of the emulator and e-purse applet are already personalized via a

_____

[3] Samsung's Motion does not assert that Claims 11 and 15 of the '218 require a card to be added to Samsung Pay. *See* Motion at Section VII.D.

██████████████████████████████████

personalization process." The claim does not recite any requirement that an applet be "already personalized" in order to cause the portable device to function as an e-purse be "pre-loaded."

Second, with respect to Claims 11 and 15 of the '218 Patent, there is a genuine dispute of material fact as to whether Samsung sells, offers to sell, and imports the claimed systems by selling mobile devices pre-loaded with Samsung Pay, and by providing instances of Samsung Pay downloaded on mobile devices. *See supra* Section IV.B, Samsung sells devices and software that comprise the complete and operable invention of the Asserted Claims. ██████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████ Accordingly, there is a genuine dispute over Samsung's sale, offers to sell, and import of the Accused Products, including a "payment server" and "e-purse SAM."

RFCyber is not presenting a theory of direct infringement by selling, offering to sell, or importing the system of Claim 1 of the '787 Patent at trial, and accordingly Samsung's motion on that ground is moot and should be denied.

Because there remain genuine disputes of material fact as to Samsung's direct infringement of Claims 11 and 15 of the '218 Patent, and Claim 1 of the '787 Patent, Samsung's Motion on this ground must be denied.

**F.      There is a Genuine Dispute of Material Fact Over Whether a Single Entity Performs Claim 8 of the '218 Patent, Claim 11 of the '787 Patent, and Claim 10 of the '855 Patent**

There is a genuine dispute of material fact as to whether a single entity (*e.g.*, either Samsung or a customer) performs each step of the Asserted Claims, including those reciting "initiating a request from the e-purse after valid [PIN] numbers are entered," ('218 patent, Claim 7), "performing [NFC] . . . to perform electronic commerce . . . and performing mobile commerce," ('787 Patent, Claim 11), and "initiating a fund transfer request" ('855 Patent, Claim 9). Samsung relies on unsubstantiated attorney argument that it is *impossible* for a single entity to carry out every step of the Asserted Claims. But given Dr. Jones' well-considered opinions to the contrary, and the plain language of the claims, Samsung cannot meet its burden for summary judgment.

<u>First</u>, Samsung performs every step of Claim 8 of the '218 Patent, including "initiating a request from the e-purse after valid [PIN] numbers are entered and accepted on the portable device," by deploying executable code on mobile devices that automatically initiates a request in response to a valid PIN. Contrary to Samsung's attorney argument, "initiating" a request with

██████████████████████████████

Samsung's code, *in response to* a user input, does not render that step performed by a user. In any case, under Samsung's logic, *every* step of Claim 8 would be performed by a customer by merit occurring in response to some user input. Accordingly, a reasonable jury could find that every step of Claim 8 of the '218 Patent is performed by the same entity (whether a customer or Samsung).

Second, Samsung performs every step of Claim 11 of the '787 Patent, including "performing [NFC] . . . to perform electronic commerce . . . and performing mobile commerce." Contrary to Samsung's unsupported attorney argument, hardware and software deployed by Samsung practices the step of "performing mobile commerce." █████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████ In any case, Samsung's position that "performing mobile commerce" can *only* be done by a person is nonsensical in view of the claim language itself – Samsung does not explain how a human could "perform near field communication (NFC) via a first interface." Samsung's suggestion that Dr. Jones "conceded" otherwise during his deposition is simply false. To the contrary, Dr. Jones stated "[t]hat's the software and hardware. So it's either Samsung if they are responsible for the operation of the software or the user operating the device." Ex. F at 288:2-16. Moreover, as with the above limitation, every step of the claim would be performed by a customer under Samsung's logic. Accordingly, there is a genuine dispute of material fact as to whether a single entity performs every step of Claim 11.

Finally, Samsung performs every step of Claim 10 of the '855 Patent (which depends from Claim 9), including "initiating a fund transfer request by a server. . . ." ████████████████



      Accordingly, there is a genuine dispute of material fact over whether Samsung performs every step of Claim 9.

      Even if payment gateway operations were performed by another entity, ▮▮▮▮▮▮▮ a reasonable jury could find that Samsung directly infringes Claim 9 because it exercises direction and control over any integrated payment gateway. *See Akamai Techs., Inc. v. Limelight Networks, Inc.*, 797 F.3d 1020, 1022-1023 (Fed. Cir. 2015) ("We will hold an entity responsible for others' performance of method steps . . . where that entity directs or controls others' performance . . . We

conclude . . . that liability under § 271(a) can also be found when an alleged infringer conditions participation in an activity or receipt of a benefit upon performance of a step or steps of a patented method and establishes the manner or timing of that performance.") Here, a reasonable jury could find that, to the extent any ███████████ is operated by a third party, Samsung directs and controls the performance of the ██████████ by providing technical specifications governing the functionality required of the ████████████. *See* Ex. A at 145, 267. A reasonable jury could further find that, based on those specifications, Samsung conditions the receipt of a benefit (*e.g,.* ███████████ based on performance of the specified functionalities. Accordingly, a reasonable jury could find Samsung liable for direct infringement, even if a ████████████ were being provided by a third party (rather than as a component in Samsung's integrated system).

Thus, Samsung's Motion on this ground must be denied.

### G.   There is a Genuine Dispute of Material Fact Over Whether Samsung Infringes the Asserted Method Claims by Using the Accused Products in the United States

There is a genuine dispute of material fact over whether Samsung uses the asserted method claims in the United States. Samsung's argument relies on the false premise that Dr. Jones only asserted use by Samsung based on testing and demonstrations. Samsung ignores the balance of the Jones report demonstrating Samsung's use during normal operation of Samsung Pay In any case Samsung's marketing documents show that it does demonstrate Samsung Pay in the United States. Because Samsung has failed to meet its burden for summary judgment, its Motion must be denied.

<u>First</u>, contrary to Samsung's mischaracterization, Dr. Jones shows that Samsung performs every asserted method claim during normal operation of Samsung Pay. With respect to Claim 1 of the '218 Patent, Samsung performs "providing a portable device. . . ." by distributing mobile devices and Samsung Pay software in the United States and performs "personalizing the e-purse applet. . . ." by deploying and executing code of the ████████████ in conjunction with

25

███████████████████████████████████████████

████████████████. *See* Ex. E at 1-3, 61-87. With respect to Claim 11 of the '787 Patent, Dr. Jones similarly shows that Samsung performs "loading a smart card module with an emulator. . . ," "personalizing the emulator and the e-purse applet" and "performing [NFC] via a first interface . . . to perform electronic commerce," and "performing mobile commerce. . . ." by distributing devices and deploying code executed on those devices and on Samsung servers during operation of Samsung Pay on those devices. *See* Ex. H at 2-83. As a further example, with respect to Claim 9 of the '855 Patent, Dr. Jones opines that the ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████ Samsung similarly performs the methods of the asserted dependent claims of the independent claims, discussed above. Thus, a genuine dispute of material fact precludes summary judgment.

<u>Second</u>, there is ample evidence that Samsung's uses the Accused Products during its marketing and testing activities. █████████████████████████████████

████████████████████████████████████████████████As discussed above, Samsung's operation of Samsung Pay during such demonstrations infringes the asserted method claims. Thus, there is also a genuine dispute of material fact regarding Samsung's infringing use of method claims based on its marketing and testing.

<u>Finally</u>, there is substantial evidence that Samsung's performance of the asserted method claims (both during regular operation, and during marketing and testing) occur in the United States.

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

Case 2:20-cv-00274-JRG-RSP   Document 211   Filed 01/05/22   Page 31 of 36 PageID #: 15213

[REDACTED]

Thus, there is substantial evidence that the infringing use occurred in the United States.

Because there are genuine disputes of material fact as to Samsung's use of the asserted method claims, Samsung's Motion must be denied.

### H.    There is a Genuine Dispute of Material Fact Over Samsung's Infringement Based on Inducement

There is a genuine dispute of material fact regarding induced infringement because substantial evidence shows that (1) Samsung has known of the Asserted Patents since at least 2013; (2) Samsung knew that the Asserted Patents cover both RFCyber's ePayment and TSM platforms, which Samsung copied, and Samsung Pay; and (3) Samsung has instructed and encouraged its customers to make and use the Accused Products in an infringing manner. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'").

First, there is substantial evidence that Samsung has known of the Asserted Patents since at least December 2012, [REDACTED]

[REDACTED]

███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████   Moreover, Samsung has indisputably known of the Asserted Patents since the filing of this suit.

Second, there is substantial evidence that Samsung knew that the Accused Products infringed RFCyber's patents. ███████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████   On this basis, a reasonable jury could, at the very least, draw the inference that Samsung knew, or was willfully blind to the fact, that patents which covered the ePayment and TSM Platforms also covered Samsung Pay.

Samsung does not (and cannot) cite any evidence to support its assertion that it had a "good faith belief of non-infringement."

███████████

█████████ Thus, the evidence of record supports a finding of specific intent or willful blindness, not any "belief of non-infringement."

Finally, Samsung has affirmatively induced its customers to make and use the Accused Products in an infringing manner. For example, Samsung's marketing materials and instruction manuals encourage its customers to add Samsung Pay to mobile devices, add cards through Samsung Pay, and to conduct transactions through Samsung Pay. *See e.g.,* Ex. P at 94-96 (user manual representative instructions provided for all Accused Products). █████████

████████████████████████

████████████████████████

████████████████████████

████████████████████████

████████████████████ Accordingly, a reasonable jury could find that Samsung has affirmatively induced customers to perform infringing acts.

Accordingly, there is a genuine dispute of material fact as to induced infringement, and Samsung's Motion on this ground should be denied.

## I.      The Issue of Contributory Infringement is Moot

RFCyber is not presenting a contributory infringement theory at trial. Accordingly, Samsung's Motion on this ground is moot, and should be denied. *See e.g., VirtnetX Inc. v. Apple Inc.*, 925 F. Supp. 2d 816, 849 (E.D. Tex. 2013).

## VI.      CONCLUSION

For the reasons stated, the Court should deny Samsung's Motion in its entirety.

Dated:  December 29, 2021                     Respectfully submitted,

                                                             /s/ *Vincent J. Rubino, III*
                                                             Alfred R. Fabricant
                                                             NY Bar No. 2219392

Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York  10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
RFCYBER CORP.***



## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2021, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

/s/ Vincent J. Rubino, III
Vincent J. Rubino, III